IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60056
Summary Calendar
_____


GUADALUPE MARTINEZ,

                                                      Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                                      Respondent.

_____

Petition for Review of an Order of the
Immigration and Naturalization Service
(A29 958 412)
_____
November 22, 1995

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Guadalupe Del Carmen Martinez-Hernandez (Martinez) is a 33-year-old woman and citizen of Nicaragua who entered the United States without inspection near Brownsville, Texas, on December 22, 1988. An order to show cause why she should not be deported was issued. She submitted applications for asylum and withholding of deportation alleging that she was persecuted in the past after she

_____

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

left the Sandinista party and that she has a well-founded fear of future persecution by the Sandinistas if she returns to Nicaragua.

Following a hearing, the immigration judge (the "IJ") denied Martinez's applications for asylum and withholding of deportation. The IJ granted her application for voluntary departure. The Board of Immigration Appeals (the "BIA") affirmed the IJ's decision. Martinez timely filed a petition for review in this court.

I

Martinez first contends that the BIA erred in upholding the IJ's decision to take administrative notice of the changes in the Nicaraguan government. She maintains that the Sandinistas retain control over the military and police forces in Nicaragua, and, therefore, that her fear of future persecution is reasonable. With her application for asylum, she presented evidence, including a State Department document and newspaper articles, indicating the Sandinistas continue to exercise some control in Nicaragua.

Even if we assume that the BIA's decision was affected by the IJ's administrative notice, we nevertheless hold that the BIA's decision must be affirmed. The BIA determined that it was not necessary for the IJ to take administrative notice of the changes in the Nicaraguan government. The BIA also considered the evidence presented by Martinez that the Sandinistas still exercised some control over the military and the police forces, and made a determination that there was no likelihood that she would suffer future persecution by the Sandinistas. The evidence indicates that

the Sandinistas no longer control the food rationing system, no longer require citizens to serve in the popular militia or to attend party meetings in order to obtain government services. At the deportation hearing, Martinez acknowledged that the Sandinistas no longer had control over governmental services. Martinez has not shown that the BIA abused its discretion in determining that there was no likelihood that she would suffer persecution in the future in view of the changes in the Nicaraguan government. Therefore, we will not disturb the BIA's denial of asylum because of the IJ's taking administrative notice of the Nicaraguan governmental changes.

## II

Martinez next contends that the BIA erred in holding that she was not eligible for asylum. She maintains that she presented evidence to establish that she has a well-founded fear of future persecution by the Sandinistas if she returns to Nicaragua. The factual findings of the BIA are supported by substantial evidence. We find that the evidence presented by Martinez is equivocal. She suffered some harassment when she left the Sandinista party, including restrictions on her food card and stoning of her house by "turba" mobs directed by the Sandinistas. However, she did not establish that the restrictions on her food rationing card were because of her political beliefs, and not due to the fact that two of her children had recently moved to the United States. She remained in Nicaragua for over one year after

she left the Sandinista party, but was never detained, interrogated, arrested, or falsely charged with any crimes during that time. The evidence in the administrative record simply does not compel a finding that a reasonable person in Martinez's circumstances would fear persecution if she returned to Nicaragua. The BIA's finding is supported by substantial evidence in the administrative record. Therefore, we will not disturb the BIA's denial of asylum.

III

Martinez contends that the BIA's finding that she was not eligible for withholding of deportation is not supported by substantial evidence. However, because Martinez has not established a "well-founded fear of persecution," she cannot prevail through the higher "clear probability of persecution" standard applicable to withholding of deportation. Id. at 190 n.7; Jukic, 40 F.3d at 750. Therefore, we will not disturb the BIA's determination that Martinez was not eligible for withholding of deportation.

A F F I R M E D.